IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IBRAHIM ARUNA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-21 (RDA/WEF) |
| SOUTHERN STATES CORP., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Southern States Cooperative, Incorporated's ("Defendant") Motion to Dismiss. Dkt. 5. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Defendant's Memorandum in Support (Dkt. 6), and Plaintiff Ibrahim Aruna's ("Plaintiff") *pro se* Complaint (Dkt. 1-2), this Court GRANTS the Motion to Dismiss for the reasons that follow.

I. BACKGROUND

A. Factual Background[1]

Plaintiff Ibrahim Aruna alleges that Defendant discriminated against him and unlawfully terminated him in violation of Title VII of the Civil Rights Act of 1964. Dkt. 1-2 ¶¶ 3, 4, 6. Plaintiff, a former employee of Defendant, alleges that he requested time off from work to visit family in Sierra Leone, and Defendant granted his request. Dkt. 1-2 ¶ 5. Plaintiff claims that

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant told him that five days of his leave would be paid while the rest of his time on leave would be unpaid.  *Id.*  According to the Complaint, Plaintiff expected "to get pay for those 5 days" while he was in Sierra Leone, but he was not paid until he returned from his trip.  *Id.*  Plaintiff alleges that upon his return he asked another employee why he was not paid until he returned from his trip.  *Id.*  Plaintiff claims that the employee told him that they did not pay him while he was away because they thought that Plaintiff would not return from Africa, as was the case with a previous employee.  *Id.*  Plaintiff also claims that when he began working for Defendant "everyone, including management started debating about [his] 'AGE'."  *Id.*  Additionally, Plaintiff alleges that Defendant had doubts about his ability to do his job and expressed worry about the possibility that Plaintiff would "get into a serious accident" on the job, though his record did not reflect any accidents.  *Id.*

Regarding Plaintiff's claim of unlawful termination, Plaintiff alleges that his "employment was terminated from [Defendant] because [he] was told to stop wearing a hand free device, a device that does not interfere with the safe performance of [his] duties."  *Id.*  Plaintiff's Complaint states that he had a meeting with Defendant's management on October 20, 2023, where he was instructed to stop wearing the device.  *Id.*  Plaintiff claims that the meeting became heated and that during the meeting, Plaintiff stated that he would continue to wear his device.  *Id.*  Plaintiff alleges that after the meeting ended, he "was read a letter of termination."  *Id.*

### B.  Procedural Background

On November 15, 2023, Plaintiff filed this lawsuit in the Circuit Court for the County of Loudoun, Virginia.  Dkt. 1-2.  On January 5, 2024, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Dkt. 1.  On January 12, 2024, Defendant filed a Motion to Dismiss along with a *Roseboro* notice, Dkt. 5, and its Memorandum in Support, Dkt. 6.

To date, Plaintiff has not filed an Opposition or responded in any capacity to Defendant's Motion to Dismiss.

## II.  STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).  Even so, that a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle

3

of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

Defendant moves this Court to dismiss the instant action because (1) Plaintiff has failed to exhaust his administrative remedies as required under Title VII and (2) even if Plaintiff did exhaust his administrative remedies, the Complaint fails "to state a plausible claim for discrimination on the basis of [Plaintiff]'s race, color, religion, sex, or national origin." Dkt. 6 at 4-5. The Court will first determine whether Plaintiff has exhausted his administrative remedies.

Before filing a Title VII suit in federal court, a plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]."). Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id.* at 1851. Accordingly, the issue is properly analyzed under Rule 12 (b)(6). *Oswaldo Argueta v. Fred Smith Co.*, No. 5:19-cv-84-FL, 2019 WL 6337426, at *3 (E.D.N.C. Nov. 26, 2019).

Failure to exhaust administrative remedies with the EEOC will result in the dismissal of a plaintiff's Title VII claim. *Wailes v. DeJoy,* No. 7:22-CV-12, 2023 WL 2695151, at *6 n.4 (W.D. Va. Mar. 29, 2023) (noting that "a plaintiff must plausibly allege that she exhausted administrative remedies to withstand a motion to dismiss"). Here, Plaintiff attempts to bring claims against Defendant under Title VII and thus must exhaust his administrative remedies prior to filing suit in this Court. For a plaintiff to exhaust his administrative remedies under Title VII, he must comply

with all applicable filing deadlines including "consulting with an EEO counselor in order to try to resolve the matter informally, before filing a formal complaint with the agency." *Wailes*, 2023 WL 2695151, at *4 (citing 29 C.F.R. § 1614.105(a)). Plaintiff's Complaint is devoid of any allegations that he filed a formal complaint with the EEOC or that he otherwise exhausted his administrative remedies. Accordingly, Plaintiff's Title VII claims will be dismissed.[2] *See Kantor v. Pompeo*, 400 F. Supp. 3d 464, 470 (E.D. Va. 2019) (dismissing a Title VII claim under Rule 12(b)(6) where Plaintiff failed to exhaust his administrative remedies with the EEOC).

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 5) is GRANTED and the Complaint (Dkt. 1-2) is DISMISSED WITHOUT PREJUDICE. If Plaintiff so chooses, he may file an Amended Complaint within thirty (30) days of this Order.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
May 10, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[2] As the Court has determined that Plaintiff's Complaint will be dismissed for failure to exhaust his administrative remedies, the Court need not address Defendant's alternative grounds for dismissal.

5